COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200
Eric J. Shimanoff (ejs@cll.com)
Kieran G. Doyle (kgd@cll.com)
Joelle A. Milov (jam@cll.com)

Paul D. Polidoro (ppolidor@jw.org)
Watch Tower Bible and Tract Society of Pennsylvania
100 Watchtower Drive
Patterson, NY 12563
(845) 306-1000

*Attorneys for Plaintiff Watch Tower*
*Bible and Tract Society of Pennsylvania*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>      Plaintiff,<br><br>   -against-<br><br>JOHN DOE AKA "KEVIN MCFREE,"<br><br>      Defendant. | Civil Action No. 7:21-cv-4155<br><br>**COMPLAINT** |

Plaintiff Watch Tower Bible and Tract Society of Pennsylvania ("WT" or "Plaintiff"), by and through its attorneys, Cowan, Liebowitz & Latman, P.C., for its Complaint against Defendant John Doe aka "Kevin McFree" ("Doe" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. This litigation seeks relief against Defendant's infringement of Plaintiff's registered copyrights in four original audiovisual works: "Never Alone," "Allan Boyle: Deep Study for a Clearer Picture," "Keep a Tight Grip—Through Effective Personal Study," and "Mark Noumair: Keep 'a Tight Grip on the Word of Life'." Without authorization, Defendant obtained purloined copies of Plaintiff's then-unpublished works and copied significant portions of those works as part of a video entitled "DUBTOWN – Family Worship July Broadcast" that Doe posted publicly on YouTube. Defendant therefore has reproduced and publicly performed Plaintiff's works in the infringing video and deprived Plaintiff of its right of first publication. Such actions infringe Plaintiff's copyrights in the audiovisual works. Plaintiff, accordingly, seeks permanent injunctive relief and damages for copyright infringement.

## PARTIES

2. Plaintiff WT is a Pennsylvania non-profit corporation with offices at 200 Watch Tower Drive, Patterson, New York 12563 USA.

3. The true identity of Defendant Doe is not presently known to Plaintiff. Plaintiff will amend its complaint upon discovery of the identity of such Defendant.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over claims arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant, in person or through an agent: (a) has committed tortious acts within New York pursuant to NY CPLR 302(a)(2); and/or (b) has committed tortious acts without New York causing injury to WT in New York, and (i) regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York, or (ii) expects or should reasonably expect his/her acts described herein to have consequences in New York and derives substantial revenue from interstate or international commerce, pursuant to NY CPLR 302(a)(3).

## FACTUAL BACKGROUND

7. WT is a non-profit corporation that is responsible for the creation, publication, and protection of original works of authorship that support the work of Jehovah's Witnesses.

8. WT, over decades, has created and published various original works of authorship, including literary works, works of visual art, musical compositions, sound recordings, and motion pictures, and has secured over 3,800 federal copyright registrations for its works.

9. Under the Copyright Act, WT has the exclusive rights, among other things, to "reproduce the copyrighted work[s]" and "to perform the copyrighted work[s] publicly," as well as to authorize or license others to engage in such activities. 17 U.S.C. § 106.

10. Many of the original works created by WT are published, reproduced and distributed pursuant to license by third party Watchtower Bible and Tract Society of New York and other approved licensees, including via physical copies, mobile applications and the website at www.jw.org (the "JW Website").

11. Between August 2017 and January 2018, WT created the following four original

audiovisual works, all of which are registered with the U.S. Copyright Office:

| Title | Current Location on the JW Website | Copyright Registration No. | Registration Date |
|---|---|---|---|
| Never Alone | https://www.jw.org/en/library/music-songs/original-songs/never-alone/?content=video | PA0002131662 | 8/3/2018 |
| Allan Boyle: Deep Study for a Clearer Picture | https://www.jw.org/en/library/videos/#en/mediaitems/VODIntExpArchives/pub-jwb_201807_4_VIDEO | PA0002131659 | 8/3/2018 |
| Keep a Tight Grip—Through Effective Personal Study | https://www.jw.org/en/library/videos/#en/mediaitems/VODBiblePrinciples/pub-jwb_201807_6_VIDEO | PA0002131853 | 8/3/2018 |
| Mark Noumair: Keep "a Tight Grip on the Word of Life" | https://www.jw.org/en/library/videos/#en/mediaitems/StudioTalks/pub-jwb_201807_2_VIDEO | PA0002131665 | 8/3/2018 |

(the "Original WT Videos"). Attached hereto as **Exhibits A** are true and correct copies of the Certificates of Registration of the Original WT Videos corresponding to Copyright Registration Numbers PA0002131662, PA0002131659, PA0002131853, and PA0002131665.

12. The Original WT Videos also were published and registered with the Copyright Office (PA0002132168) as a compilation with additional material (together with the Original WT Videos, the "WT Videos"). Attached hereto as **Exhibit B** is a true and correct copy of the Certificate of Registration for this compilation corresponding to Copyright Registration Number PA0002132168.

13. Although the content of the WT Videos is based on the bible and the teachings of Jehovah's Witnesses, the videos are creative, expressive, and non-factual works. For example, one of the WT Videos, "Never Alone," is a music video with musical and actor performances, costumes, sets, lighting, and sound design.

14. WT intended that it would, and in fact did, itself first publish the WT Videos via

3

the JW Website in July 2018 as part of a monthly broadcast released to that site.

15. WT had taken precautions to protect the WT Videos from premature disclosure to the public, including: (1) restricting access to and creating authorization levels within the software used to produce the videos; (2) requiring production team members to sign confidentiality agreements; and (3) limiting and vetting through WT's computer department security team and management on any non-WT storage or distribution system used in production.

16. Despite these measures, several months before WT was able to exercise its right of first publication, and before "Never Alone" was finalized, unbeknownst to WT, Doe, without WT's authorization or consent, obtained copies of the WT Videos.

17. Upon information and belief, on or about May 18, 2018, Doe posted a video entitled "DUBTOWN – Family Worship July Broadcast" (the "Doe Video") on the video platform YouTube, owned by Google, Inc. ("Google"). The Doe Video features significant portions of the WT Videos that Doe obtained without WT's authorization or consent.

18. Doe boasted on his YouTube page that he obtained the WT Videos "early," in a manner ostensibly meant to mock WT's first publication right. The Doe Video further claims that the WT Videos were "leaked" to him by a "good friend deep inside Bethel," and that he gets "to enjoy July's broadcast" "before the rank and file get to see it." Attached hereto as **Exhibit C** is a true and correct copy of a screenshot from Doe's YouTube page on which Doe boasts of his wrongful conduct and evisceration of WT's first publication right.

19. Doe's use of the WT Videos does not qualify as a fair use. The Doe Video reproduced significant portions—both quantitatively and qualitatively—of the WT Videos, including approximately 90% of the visual aspects and more than 50% of the audio aspects of the "Never Alone" music video, and the "heart" and significantly-creative aspects of the other videos.

Content from the WT Videos comprised over half of the Doe Video.

20. Further, the portions of the JW Videos copied in the Doe Video generally are unaccompanied by criticism or comment beyond the equivalent of "watch this." For example, Doe's "comments" on the "Never Alone" music video amount mostly to: (1) ridiculing the presence of a "green screen" in some of the segments, even though it was clear the video was not complete before Doe unlawfully obtained a copy thereof; and (2) juxtaposing other sound recordings (presumably without permission from those copyright owners) over certain segments of the video.

21. Upon information and belief, Doe created and disseminated the Doe Video for commercial purposes. On his YouTube page on which the Doe Video appeared, Doe solicited financial contributions in connection with the Doe Video: "for those who have asked about supporting my work, my paypal account is kevinmcfree@gmail.com." *See* **Ex. D**.

22. In one of Doe's videos posted several months after the Doe Video, he touts the monetization of his other videos about Jehovah's Witnesses through paid Google advertisements, thanks those who have sent him "donations," requests additional "donations," and promotes his new for profit t-shirt business that ties into his videos. A copy of this video can be found at the URL https://www.youtube.com/watch?v=h7uM1tVAZYw. Attached hereto as **Exhibit E** are true and correct copies of screenshots from Doe's t-shirt business website.

23. Doe apparently solicits "donations" for each video he posts on YouTube. Attached hereto as **Exhibit F** are true and correct copies of representative screenshots from Doe's YouTube page on which he solicits donations for the videos he posts. Many of these same videos are monetized through Google Ads.

24. Doe also promotes and provides direct links to a third-party for-profit design service and t-shirt store in connection with several YouTube videos. *See* **Ex. F** and the aforementioned video at https://www.youtube.com/watch?v=h7uM1tVAZYw.

25. Attached hereto as **Exhibit G** are true and correct copies of screenshots from representative examples of Doe's other videos that are monetized through Google Ads.

26. Shortly after WT first learned about the Doe Video, on or about June 6, 2018, WT sent a copyright infringement take down notice to Google pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c), demanding removal of the Doe Video from YouTube. In response to WT's take down notice and in accord with the procedures set forth in the DMCA, YouTube removed the Doe Video from its platform.

27. Upon WT's application, on June 20, 2018, the Clerk of the Court issued to Google a subpoena in a miscellaneous action seeking the name, address, telephone number, email address and IP (internet protocol) address associated with the Doe Video (the "Subpoena"). Attached hereto as **Exhibit H** is a true and correct copy of the Subpoena.

28. Doe, without identifying himself, filed a motion to quash the Subpoena, which motion currently is pending before this Court. *See* Case No. 7:18-mc-00268, Dkt. #17.

29. In his moving papers on the motion to quash, Doe averred that he obtained all portions of the WT Videos that he reproduced in the Doe Video from a third-party video (the "Cedars Video") posted on YouTube on April 4, 2018 by "John Cedars" aka Lloyd Evans ("Cedars"). *Id.* at Dkt. #18, Declaration of Malcolm Seymour ¶ 13. WT was unaware of the Cedars Video until Doe served his moving papers on the motion on September 28, 2020.

30. Regardless, Doe's claim that he copied the Doe Videos from the Cedars Video is demonstrably false. Certain portions of the WT Videos that were replicated in the Doe Video

(time stamps 1:58-2:10 and 5:39-5:49 in the Doe Video) do not appear in the Cedars Video. Doe later attempted to "clarify" his misrepresentation in his reply papers on the motion to quash, but admitted he obtained purloined copies of the WT Videos from someone affiliated with Cedars months before WT intended to broadcast the WT Videos and well before all of the videos were completed. *See* Doe Reply Declaration, Dkt. #22 ¶ 5.

31. WT brings this copyright complaint to timely interpose its infringement allegations against Doe.

32. Defendant's acts described herein were committed without the permission, license, or consent of WT, or any approved licensee.

33. Upon information and belief, Defendant's acts described herein were committed with knowledge or in reckless disregard of WT's exclusive rights in the WT Videos, as indicated by Doe's comments that he received the WT Videos "early" on account of a "leak[]" from a "good friend deep inside Bethel" that would allow him to "get to enjoy July's broadcast" "before the rank and file get to see it."

34. Upon information and belief, by virtue of his unlawful conduct described above, Defendant has made or will make substantial profits and gains to which he is not in law or equity entitled, including without limitation in the form of Google ad revenue, as well as "donations" and revenue streams from advertised merchandise.

35. Upon information and belief, as a result of Defendant's unlawful actions described above, Plaintiff has been and/or will be damaged and has suffered, and will continue to suffer, irreparable injury for which Plaintiff has no adequate remedy at law. Because Doe, without authorization, placed a significant portion of the then-unpublished WT Videos on the Internet, WT's original content was immediately available to anyone with the requisite connection to access

7

and download. In this manner, Doe deprived WT of its ability to control dissemination of its copyrighted works.

## CLAIM FOR RELIEF
### (Copyright Infringement)

36. WT repeats and realleges the assertions contained in paragraphs 1 through 35 above as if fully set forth herein.

37. WT is the author of, and sole owner of all right, title and interest in and to the copyrights in the WT Videos. Under 17 U.S.C. § 106, WT has the exclusive right, *inter alia*, copy and to publicly perform the WT Videos.

38. Defendant's unauthorized copying and public performance of the WT Videos infringes WT's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. For a preliminary and permanent injunction enjoining Defendant and his agents, servants, employees, officers, directors, attorneys, successors, assigns, licensees and all others in active concert or participation with any of them from any further reproduction, copying, performance or exploitation of the WT Videos, including in the Doe Video.

B. Award to WT, pursuant to 17 U.S.C. § 504(c), its actual damages incurred as a result of Defendant's acts of copyright infringement, and all profits Defendant realized as a result of such unlawful acts, in amounts to be determined at trial; or, in the alternative, award to WT, at its election, statutory damages pursuant to 17 U.S.C. § 504(c); each with pre-judgment and post-judgment interest thereon.

C. Award to WT, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendant's unlawful acts.

D. Award to WT such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 10, 2021

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____

Eric J. Shimanoff (ejs@cll.com)
Kieran G. Doyle (kgd@cll.com)
Joelle A. Milov (jam@cll.com)
114 West 47th Street
New York, NY 10036
(212) 790-9200

Paul D. Polidoro (ppolidor@jw.org)
Watch Tower Bible and Tract Society of Pennsylvania
100 Watchtower Drive
Patterson, NY 12563
(845) 306-1000

*Attorneys for Plaintiff Watch Tower Bible and Tract Society of Pennsylvania*

9