

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

February 14, 2022

Via ECF
Hon. Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree,"* No. 7:21-cv-04155
            Request for a Pre-Motion Conference

Dear Hon. Judge Seibel:

      We represent Plaintiff Watch Tower Bible and Tract Society of Pennsylvania in the above-referenced copyright infringement action against Defendant John Doe aka "Kevin McFree." We write pursuant to Rule 2.A. of Your Honor's Individual Rules of Practice to request a pre-motion conference concerning Plaintiff's anticipated motion, pursuant to Fed. R. Civ. P. 4, for an Order (1) directing the Clerk of the Court to issue a Summons in the name of John Doe aka "Kevin McFree" and (2) allowing alternative service of the Summons and Complaint via email.

      Plaintiff commenced this civil action on or about May 10, 2021, based on Defendant's infringement of Plaintiff's copyrights in four audiovisual works (the "WT Videos"). Defendant obtained purloined copies of Plaintiff's then-unpublished WT Videos and copied and posted significant portions of those works on his public YouTube account (the "Infringing Video").

      The true identity and physical address of Defendant are not presently known to Plaintiff. The Infringing Video and YouTube account associated therewith identify Defendant only by the pseudonym "Kevin McFree" and do not provide any physical address. The account does identify Defendant's email address as <kevinmcfree@gmail.com>.

      Plaintiff has made diligent efforts to determine Defendant's identity and address. Prior to commencing this litigation, on June 20, 2018, Plaintiff applied for and the Clerk of this Court issued to Google, Inc. a subpoena pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) (the "DMCA Subpoena"), which sought the name, address, telephone number, email address and IP address associated with the Infringing Video. Compl. ¶ 27 & Ex. H.

      On or about August 22, 2018, Defendant, via pro bono counsel and without identifying himself, sought a pre-motion conference with Hon. Judge Nelson S. Román of this Court

**Cowan, Liebowitz & Latman, P.C.**

February 14, 2022
Page 2

concerning Defendant's desire to move to quash the DMCA Subpoena and to proceed anonymously.  *See* Case No. 7:18-mc-00268, Dkt. # 6.

Approximately two years later, on or about August 27, 2020, Hon. Judge Román issued an order allowing Defendant the opportunity to seek leave to move to quash the subpoena.  *See id.*, Dkt. # 11.  The parties completed their briefing on that motion on or about November 10, 2020.  *Id.*, Dkt. ## 17-24.  On January 18, 2022, Hon. Judge Román granted Defendant's motion to quash the DMCA Subpoena, finding Defendant's use of the WT Videos was a fair use.  A copy of that order is attached hereto as **Exhibit A**.[1]

Shortly after Plaintiff commenced the instant litigation, in or about June 2021, counsel for Plaintiff corresponded with pro bono counsel who represents Defendant in connection with the motion to quash (1) to determine whether pro bono counsel also represents Defendant in the instant infringement action and (2) to request pro bono counsel or Defendant waive service pursuant to Fed. R. Civ. P. 4(d).  In response, pro bono counsel informed Plaintiff's counsel that he had conferred with Defendant, that he does not represent Defendant in the instant litigation, that he is not authorized to waive or to accept service and that Defendant would not disclose his identity.

The undersigned counsel for Plaintiff then emailed Defendant directly at the email address provided on his YouTube account, <kevinmcfree@gmail.com>, requesting that Defendant waive service.  Defendant responded via email, refusing to waive service unless Watch Tower agreed to stay the instant infringement action pending Judge Román's decision on the motion to quash since Defendant claimed he did not have the resources to fight two matters at the same time.  Copies of those emails are attached hereto as **Exhibit B**.[2]

After Judge Román issued his order granting the motion to quash, Plaintiff's counsel once against emailed Defendant, requesting he waive service.  Defendant again refused.  *See* **Exh. B**.

Despite Plaintiff's requests, the Clerk of the Court will not issue a summons to Defendant in the name or John Doe or in his fictitious name "Kevin McFree."

Defendant claims he resides in the United Kingdom.

Under Federal Rule of Civil Procedure 4(f)(3), a Court may fashion means of

---

[1] Although Defendant has not yet raised any affirmative defenses in the instant action, Plaintiff's position is that Judge Román's determination of fair use does not serve as collateral estoppel against any fair use defense ultimately raised in this matter, since Plaintiff did not have a "full and fair opportunity to litigate" the issue on a limited record and without any discovery, cross-examination or hearing.  *See Signature Mgmt. Team, LLC v. Doe*, 2015 U.S. Dist. LEXIS 33122, at *19 (E.D. Mich. Mar. 18, 2015) (first amendment issue decided on motion to quash DMCA subpoena was not collateral estoppel in subsequent copyright infringement action).

[2] The Court also declined to hold a conference on the issue of service at that time while the motion to quash was pending before Judge Román.  *See* Dkt.#14 ("ORDER denying ***without prejudice*** [13] Letter Motion for Conference: The Court … does [not] have any particular ideas other than ***awaiting the decision from Judge Roman***") (emphasis added).

**Cowan, Liebowitz & Latman, P.C.**
February 14, 2022
Page 3

> service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process. Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant. Thus, the decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court.

*Cengage Learning v. Doe 1*, 2018 U.S. Dist. LEXIS 239799, at *12-16 (S.D.N.Y. Jan. 17, 2018) (internal quotations and citation omitted). Both requirements under Rule 4(f)(3) are satisfied here.

First, no international treaty is implicated in this manner. The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ('Hague Convention') does not apply here, where "'the address of the person to be served with the document is not known.' Hague Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361." *Cengage Learning*, 2018 U.S. Dist. LEXIS 239799, at *12-16. Moreover, even if the Hague Convention did apply, "the Hague Convention does not prohibit service . . . via email. *Zanghi v. Ritella*, 2020 U.S. Dist. LEXIS 20279, at *14-19 (S.D.N.Y. Feb. 5, 2020).

Second, service via email will comport with due process. "Service satisfies due process when it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Pearson Educ. Inc. v. Doe 1*, 2019 U.S. Dist. LEXIS 210349, at *4-7 (S.D.N.Y. Dec. 2, 2019) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Specifically, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *See F.T.C. v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *4 (S.D.N.Y. Mar. 7, 2013). Here, Defendant lists his email address prominently on his YouTube account where he posts numerous videos, including the Infringing Video. Defendant even solicits communications and financial contributions to his videos via his email address. And Defendant has recently communicated with counsel for Plaintiff via email, including concerning the instant action, thus assuring Plaintiff will receive notice of the action. Service by email here clearly will inform Defendant of the claims in the instant action and allow him to present any objections. Indeed, Defendant already is well-aware of the instant action through prior communications with his pro bono counsel on the motion to quash and with Plaintiff's counsel.

Based on the foregoing, Plaintiff requests the Court hold a pre-motion conference on Plaintiff's anticipate motion for an Order (1) directing the Clerk of the Court to issue a Summons in the name of John Doe aka "Kevin McFree" and (2) allowing alternative service of the Summons and Complaint via email. Plaintiff has simultaneously served a copy of this letter on Defendant, and agrees to serve all Orders and papers on Defendant concerning this motion, via email.

Respectfully submitted,
s/ Eric J. Shimanoff

cc: kevin McFree <kevinmcfree@gmail.com>

31653/003/4000405