**EXHIBIT B**

**EXHIBIT B**

## Shimanoff, Eric J.

| | |
|---|---|
| **From:** | kevin McFree <kevinmcfree@gmail.com> |
| **Sent:** | Friday, February 11, 2022 1:47 PM |
| **To:** | Shimanoff, Eric J. |
| **Subject:** | Re: Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree" - Case No. 7:21-cv-04155-CS (S.D.N.Y.) |

Hi Eric,
Although I don't have a lawyer representing me in this case, Malcolm Seymour who represented me in the Google subpoena case, also kept me up to date throughout 2021 of any developments, and he forwarded me any filings in this case.

Looking through those documents I see you requested a conference last July with Judge Seibel, which she declined. Judge Seibel said she wanted to wait and see what happened in the subpoena case. How I understand her order is that the court disagrees with the idea that service *"is just an administrative matter that has nothing to do with the merits of the case"* To me it seems judge Seibel thought it was important to wait and see what happened in the subpoena case before taking any further action.

In your letter to judge Seibel you mention that you were unable to serve Kevin Mcfree by email without first knowing my name. If that is true, surely it's important that judge Roman has already decided you are not allowed to discover my name. No doubt because he could tell by looking at my video and watchtowers video, that I had made fair use of watchtowers material and therefore there was no possible claim of copyright infringement.

And so I must conclude that judge Roman's decision in the Google subpoena case makes this lawsuit for copyright infringement, invalid. I don't see any good reason for watchtower to continue to harass me with more lawsuits. Because of this apparent harassment, I must refuse to accept service

"Kevin Mcfree"

---

 Virus-free. [www.avg.com](www.avg.com)

On Tue, 8 Feb 2022 at 18:55, Shimanoff, Eric J. <ejs@cll.com> wrote:

> Dear Mr. "McFree"
>
>
> Thank you for your response.
>
>
> As you may recall, there are 2 separate proceedings: (1) the motion to quash the DMCA subpoena before Judge Román and (2) the copyright infringement action before Judge Seibel.
>
>
> In the first proceeding, Judge Román granted the motion to quash and closed that proceeding.

However, the second proceeding before Judge Seibel is still active and will continue unless and until the parties resolve the matter between themselves or the court, upon motion or after trial, enters judgment.  It is Watch Tower's position that Judge Román decision did not decide the issue of copyright infringement and fair use for purposes of the infringement action since the motion to dismiss was not a full and fair adjudication on the merits, including because no discovery was conducted on the motion to quash.  If you disagree, then you would need to make that argument to the court in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and Judge Siebel's individual rules.

We ask now that you waive service to avoid the parties the expense of Watch Tower having to file a motion for leave to serve via email, which leave we have no doubt the court will grant.  This is just an administrative matter that has nothing to do with the merits of the case.

Finally, we note that you have not posted any DubTown videos in the past few years. Is it your intent to post other DubTown videos or videos using original Watch Tower content in the future?  If not, perhaps there is a path to settlement of the infringement action.  Please let me know.

In any event, we would like to resolve the issue of service first.

Best,

**Eric J. Shimanoff**
*he | him | his*

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9226 | f: (212) 575-0671
cll.com | bio | vCard | EJS@cll.com



**From:** kevin McFree <kevinmcfree@gmail.com>
**Sent:** Monday, February 7, 2022 1:35 PM
**To:** Shimanoff, Eric J. <ejs@cll.com>

**Subject:** Re: Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree" - Case No. 7:21-cv-04155-CS (S.D.N.Y.)

Hi Eric,

In your email you suggested my condition for not waiving service was moot and my rationale no longer applies.

To clarify, my rationale was, it was unreasonable to pursue two cases for pretty much the same thing. I had hoped that the judgement in the subpoena case would result in resolving the whole case.

How I understand the courts decision is this. My use of Watchtowers video was judged to be fair use. Which is why I wanted to avoid two cases. I believe the subpoena case has resolved everything and that the second case should now be dropped. I am at a loss to see how Watchtower still feels it can claim I infringed their copyright when judge Roman has already judged it as fair use?

As such I can not agree to accept service in a lawsuit where the court already disagrees with Watchtowers claims.

Due to financial reasons I am still without a lawyer to represent me in this lawsuit. Additionally its made far more difficult by my being in another country. I feel very strongly that I should not have to subject myself to the expense of another lawsuit that seems to be unreasonable and baseless.

If you think the judges' decision on the motion to quash does not resolve the copyright infringement case, **which is a case based on the exact same facts**, please explain why you believe so.

Your response will assist me in assessing whether or not there is any valid reason to accept service.

Regards

"kevin Mcfree"

 Virus-free. www.avg.com

On Wed, 2 Feb 2022 at 00:14, Shimanoff, Eric J. <ejs@cll.com> wrote:

> Dear Mr. "McFree"
>
> When we corresponded last June, you stated that you would agree to waive service of a summons in the infringement litigation if Watch Tower would consent to stay the infringement litigation pending Judge Román's decision on the motion to quash the DMCA subpoena to Google.

3

As you likely are aware, Judge Román has granted your motion to quash the DMCA subpoena and that proceeding is now closed.

Your condition upon which to waive service of a summons in the infringement action thus is now moot and your rationale therefor no longer applies.

Please let us know if you will agree at this time to waive service of a summons in the infringement action.

This will save the parties the expenses of any service-related motions.

I have updated and re-attached the forms previously sent to reflect today's date.

Sincerely,

**Eric J. Shimanoff**
*he | him | his*

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9226 | f: (212) 575-0671
cll.com | bio | vCard | EJS@cll.com



**From:** Shimanoff, Eric J.
**Sent:** Monday, June 28, 2021 4:00 PM
**To:** kevin McFree <kevinmcfree@gmail.com>
**Cc:** Milov, Joelle A. <JAM@cll.com>; Doyle, Kieran <KGD@cll.com>
**Subject:** RE: Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree" - Case No. 7:21-cv-04155-CS (S.D.N.Y.)

Dear Mr. "McFree"

Thank you for your response and for your honesty. Unfortunately, WT is unable to agree to your proposal to delay or stay the current copyright infringement litigation. While WT understands your financial situation, WT obviously disagrees with your view that the use and prior publication of the leaked WT videos was fair use and WT must take appropriate steps to protect its valuable intellectual property rights. While the fair use issues in both cases overlap to some degree, the standards and procedural postures in which the issues were raised are very different. Indeed, a ruling on the motion to quash likely will not be dispositive of the infringement action. Moreover, it appears unlikely that the court will decide the motion to quash in the near future. As you may recall, the judge presiding over the motion to quash took two years to respond to the parties' initial letters concerning a pre-motion conference. Proceeding with the copyright action before Judge Seibel, who is a different judge, provides the best opportunity for the court to focus on the fair use issue in a timely manner. While WT had hoped the court would reach a decision on the motion to dismiss before WT filed its infringement suit, that unfortunately was not the case. Each day of delay causes further prejudice to WT, including with respect to other enforcement matters. Please confirm that you still do not agree to accept or waive service.

Sincerely,

**Eric J. Shimanoff**
*he | him | his*

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9226 | f: (212) 575-0671
cll.com | bio | vCard | EJS@cll.com



**From:** kevin McFree <kevinmcfree@gmail.com>
**Sent:** Sunday, June 27, 2021 6:22 AM
**To:** Shimanoff, Eric J. <ejs@cll.com>
**Subject:** Re: Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree" - Case No. 7:21-cv-04155-CS (S.D.N.Y.)

I don't currently have a lawyer representing me in this second case but have discussed the request to waive service with my attorney who represents me in Watchtowers subpoena case. I understand he has already communicated with you the worries I have with this second court case.

I am of very limited means financially, living off of disability welfare, as such I have no ability to defend myself in a second lawsuit unless a law firm was willing to do so pro bono.

From my perspective, this second case which is essentially a duplicate argument of the subpoena case, appears to be an unnecessary expense for all concerned. I have no desire to make things any more complicated.

I would be willing to waive service if we had an understanding that doing so wouldn't make things more difficult and complicated. Pushing me into two court cases with the same plaintiff about the same alleged wrong seems unreasonable. It makes sense to complete the first case first. Let the judge make his decision and then we can proceed from there.

I of course believe my videos have always been fair use and my motion in the subpoena case could resolve things. Watchtower has waited three years to start this lawsuit against me, I'm sure they could wait a moment longer to allow the judge to bring a conclusion to the first case.

If we could agree that I would not be forced into the financial pressures of a second lawsuit before the first one was concluded I would be happy to cooperate and waive service. If however Watchtower is unable or unwilling to offer any guarantees, then I feel justified in withholding cooperation regarding the waiving of service at this time.

 Virus-free. www.avg.com

On Wed, 23 Jun 2021 at 01:07, Shimanoff, Eric J. <ejs@cll.com> wrote:

> Dear Mr. "McFree"
>
> Our law firm represents plaintiff Watch Tower Bible and Tract Society of Pennsylvania In the above-referenced litigation pending in the United States District Court for the Southern District of New York.
>
> Attached please find:

- COMPLAINT FOR COPYRIGHT INFRINGEMENT WITH EXHIBITS
- NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS
- DRAFT WAIVER OF THE SERVICE OF SUMMONS (2 Copies)

Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, we hereby request you waive service of summons in the lawsuit. Details concerning our request can be found in the attached documents.

Since you have refused thus far to provide plaintiff with identifying information, including your physical address, we are unable to send you a pre-paid self-addressed envelope in which to return to us the completed waiver of service. You thus can email me one copy of the completed waiver of service or I can provide you with our firm's FedEx account number if you prefer to send a hard copy.

Sincerely,

**Eric J. Shimanoff**
*he | him | his*

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9226 | f: (212) 575-0671
cll.com | bio | vCard | EJS@cll.com



This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com