**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

**BY ECF**

March 4, 2022

Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601-4150

          **Re:**   *Watch Tower Bible and Tract Society v. Doe*
                  No. 7:21-cv-04155

Dear Judge Seibel:

      My co-counsel, Malcolm Seymour of Foster Garvey, PC, and I are appearing specially, without waiving our client's objections to service or to personal jurisdiction, to explain why the Court should not grant any proposed motion by the Watch Tower Bible and Tract Society to serve defendant John Doe ("Kevin McFree") by email, for several reasons.

      As plaintiff acknowledges in its pre-motion letter, this case is not its first effort to complain about alleged copyright infringement by defendant, a former member of the Jehovah's Witnesses who maintains a YouTube channel for the purpose of posting video blogs, or "vlogs," that criticize the plaintiff through the use of parody and satire. After Watch Tower secured the issuance of a subpoena to YouTube under section 512(h) of the Digital Millennium Copyright Act, 17 U.S.C . § 512(h), McFree, represented by Foster Garvey PC, successfully moved to quash the subpoena. In *In re DMCA Sec. 512(h) Subp. to YouTube (Google, Inc.)*, — F. Supp.3d —, 2022 WL 160270 (S.D.N.Y. Jan. 18, 2022), after full briefing by the parties, Judge Román held that McFree had made fair use of Watch Tower's videos. The decision is attached as Exhibit A. Watch Tower has not appealed; instead, it is trying its luck before a different district judge.

      Parties that litigate subpoenas to identify anonymous Internet users, and lose because they cannot establish a prima facie claim on the merits (here, a claim of copyright infringement), cannot bring a second proceeding based on that same claim. *Gunning v. Doe*, 159 A.3d 1227, 1239 (Me. 2017). Rulings on motions to quash are entitled to full res judicata effect over subsequent subpoenas seeking substantially the same information concerning the same parties. *See id.; Application of Am. Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989); *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). And the holding in *In re DMCA Sec. 512(h)* that McFree made fair use of Watch Tower's copyrighted materials should control resolution of that dispositive issue in this case under principles of issue preclusion. *See Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012); *Marvel Characters v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (listing the requirements for issue preclusion). The facts and issue here are identical to those underlying *In re DMCA Sec. 512(h)* (same copyrighted works, same alleged act of infringement, and same parties), where fair use was

Honorable Cathy Seibel
Case No. 7:21-cv-041155
March 4, 2022
page 2

fully litigated and decided (the briefs are attached as Exhibit B).

Watch Tower cites *Signature Management Team v. Doe*, 2015 WL 1245861, at *8 (E.D. Mich. Mar. 18, 2015), for the proposition that a "first amendment issue decided on motion to quash DMCA subpoena was not collateral estoppel in subsequent copyright infringement action," but that decision does not stand for such a general proposition; it was based on a close analysis of the specific facts of that case, comparing them to the requirements for res judicata. The ruling says that, as a general matter, an "order denying a motion to quash a subpoena qualifies as a final decision on the merits for purposes of res judicata." *Id.* at *4. Watch Tower claims an exception on the ground that the lack of discovery and an evidentiary hearing deprived it of "a full and fair opportunity to litigate," but summary judgment and Rule 12(b)(6) rulings can similarly take place without discovery and a trial, but nevertheless produce judgments that have collateral estoppel effect. Judge Román specifically addressed and rejected Watch Tower's contention that discovery was needed before he could resolve the fair use issue.

Indeed, if the merits of this case have to be litigated, McFree will rely on res judicata, fair use, and the First Amendment, as well as the defense of copyright misuse. We expect to address Watch Tower's history of pursuing similarly abusive copyright claims against dissatisfied members —"apostates," in Watch Tower's terms—who use its copyrighted works solely for the purpose of criticism, *see, e.g., In re DMCA Subp. to Reddit, Inc.*, 441 F. Supp. 3d 875, 886 (N.D. Cal. 2020), using the threat of "shunning" to suppress open dissent. *Id. at* 878. In addition, we question whether, during the limited time of the alleged infringement, McFree was subject to New York's long-arm statute under *Penguin Group (USA) v. Am. Buddha*, 2013 WL 865486, at *5 (S.D.N.Y. Mar. 7, 2013).

However, the standard mechanism for parties seeking to serve process on anonymous Internet users whom they have sued for allegedly wrongful speech is to seek leave to take early discovery, which allows the court to decide whether the plaintiff has made a sufficient showing that its claims have legal and evidentiary merit to warrant overriding the First Amendment right to speak anonymously. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 122-124 (2d Cir. 2010). *See also See Signature Mgt. Team, LLC v. Doe*, 876 F.3d 831, 839 (6th Cir. 2017); *Art of Living Found. v. Does 1-10*, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011); *Dendrite Intern., Inc. v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756 (N.J. Super.2001). Watch Tower is intimately familiar with the First Amendment right to speak anonymously. *Watchtower Bible and Tract Socy. of New York v. Village of Stratton*, 536 U.S. 150 (2002). Indeed, one of the attorneys who signed the complaint in this case argued *Watchtower* in the Supreme Court.

Here, Judge Román addressed the *Arista Records* standard and ruled that, because Watch Tower did not present a prima facie case of copyright infringement, it could not deprive McFree of his constitutional right to make his criticisms anonymously. Nothing in Watch Tower's pre-motion

```
```
Honorable Cathy Seibel
Case No. 7:21-cv-041155
March 4, 2022
page 3

letter shows that this Court should decide any differently, even aside from res judicata. Nor, indeed, does Watch Tower's letter show any lawful basis for its implicit request that it be allowed to serve a summons that does not provide the correct name of the party defendant, as required by Rule 4(a)(1)(A). *See Marquez v. Starrett City Associates*, 406 F. Supp. 3d 197, 203 (E.D.N.Y. 2017) ("to be compliant with Rule 4, the correct name of the defendant must appear on the summons.")

Watch Tower has not shown a proper basis for bypassing the normal procedures for securing discovery against an anonymous defendant so that the defendant's name can be listed in the summons and the summons then served. Instead, Watch Tower asks this Court to exercise its discretion to allow email discovery as the trial court did in *Cengage Learning v. Doe 1*, 2018 WL 2244461, at *5 (S.D.N.Y. Jan. 17, 2018), but that case bears no resemblance to this one. In *Cengage*, the defendants were a group of counterfeiters who were selling infringing merchandise through a number of web sites and actively concealing their whereabouts; the plaintiff had to secure a temporary asset seizure order to protect its rights. Service by email was, indeed, the only way to bring the defendants into the case and subject them immediately to the Court's orders. But McFree is not evading court process: he has faithfully engaged with court process, retaining counsel both in the DMCA subpoena case as well as this one. Moreover, McFree lives in England, where the law forbids service by email except by express permission. *Barton v. Wright Hassall LLP* [2018] UKSC 12. Watch Tower's effort to evade the Hague Convention should not succeed, because the only reason Watch Tower does not have McFree's address is that Judge Román ruled against Watch Tower and denied it access to such information.

In thousands of cases across the country, copyright holders routinely begin their litigation of infringement claims against anonymous alleged infringers by seeking leave to pursue early discovery. And if Watch Tower were to undertake an effort to seek early discovery to obtain that information, McFree would, as noted above, seek to quash that discovery based on claim and issue preclusion, and well as on his First Amendment right to speak anonymously, coupled with his defenses of fair use and copyright misuse.

In sum, plaintiff's request to bypass the normal procedures for obtaining McFree's identity and location so that the summons and complaint can be served should be denied. McFree is prepared to move to quash Watch Tower's subpoena to YouTube if the Court grants it leave to serve one.

Respectfully yours,

/s/ Paul Alan Levy
Paul Alan Levy

cc: All counsel via ECF