

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

March 18, 2022

Via ECF
Hon. Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *Watch Tower Bible and Tract Society of Pennsylvania v. John Doe aka "Kevin McFree,"* No. 7:21-cv-04155
           Letter Regarding Expedited Discovery

Dear Hon. Judge Seibel:

      We represent Plaintiff Watch Tower Bible and Tract Society of Pennsylvania in the above-referenced copyright infringement action against Defendant John Doe aka "Kevin McFree." Further to the Pre-Motion Conference held on March 11, 2022 and the Court's Order on the record made during the conference, we write to the Court to request expedited discovery to serve a subpoena on Google, Inc., seeking information to aid in the identification of Defendant, and also present a proposed briefing schedule on Defendant's anticipated motion to quash that subpoena.

      "A party may seek expedited discovery before the Federal Rules of Civil Procedure Rule 26(f) conference when authorized by a court order." *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)(1)). Courts in this District "use a 'flexible standard of reasonableness and good cause' when considering whether to grant such an order." *Id*. (citation omitted). Good cause exists for expedited discovery of third parties to aid in the identification of a Doe defendant in a copyright infringement case. *See Cengage Learning v. Doe 1*, 2018 U.S. Dist. LEXIS 239799, at *11-12 (S.D.N.Y. Jan. 17, 2018). Despite good faith efforts and the prior issuance and service on Google of a DMCA subpoena (which was quashed by Judge Román), Plaintiff has been unable to determine the name and address of Defendant, who posted the infringing video on YouTube and also posted on YouTube and has communicated with Plaintiff's counsel via a Gmail email address. Plaintiff therefore respectfully requests that the Court grant leave to allow Plaintiff to serve on Google (the owner of YouTube and Gmail) the subpoena attached hereto as **Exhibit A**, which seeks *inter alia* the name, address, telephone number, email address and IP address associated with the video at issue and Defendant's Gmail account kevinmcfree@gmail.com (the "Google Subpoena").

      Counsel for Defendant stated that they did not intend to challenge the motion for the Google Subpoena. Counsel for Defendant stated, however, that they intend to move to quash the Google Subpoena once served. The Court asked Plaintiff to submit a proposed briefing schedule

31653/003/4025530

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Cathy Seibel
March 18, 2022
Page 2

on the motion to quash the Google Subpoena. Counsel have conferred in good faith and unfortunately have not been able to agree to all aspects of a schedule for the following reasons.

Once Plaintiff receives and is aware of the full scope of the issues raised in Defendant's motion to quash, Plaintiff likely will seek leave to serve on Defendant expedited discovery narrowly tailored to the facts relevant to the substantive bases of Defendant's motion to quash the subpoena on Google—to be clear, this discovery would not ask Defendant to disclose his identity.[1]

Such discovery would be highly relevant to the issues on the motion to quash. For example, if Defendant makes the same arguments as he did before Judge Román, then discovery on Defendant will be relevant to issues concerning *inter alia*: (1) fair use, including how ridiculing the presence of a green screen in Plaintiff's music video (even though Defendant knew the only reason the video contained a green screen was because Defendant obtained a purloined copy of the music video prior to its completion) and juxtaposing other sound recordings (presumably without permission from those copyright owners) over certain segments of the video amounts to criticism of or comment on the teachings of Jehovah's Witnesses or the music video (which has its own copyright registration apart from the combined videos); and (2) Defendant's claim that the subpoena is issued for the improper purpose of doxing and disfellowshipping. If Defendant argues Judge Román's opinion acts as collateral estoppel, then discovery on Defendant will be relevant to show whether Plaintiff had a "full and fair opportunity to litigate" the issue of fair use.

Defendant has stated his intention to oppose any motion for expedited discovery on Defendant. Defendant undoubtedly will argue that discovery is not necessary to make a determination on fair use and that all the Court need do is compare the two works at issue. However, a determination of fair use without discovery is "rare." *Nicklen v. Sinclair Broad. Grp., Inc.*, 2021 U.S. Dist. LEXIS 142768, at *22 (S.D.N.Y. July 30, 2021). Because fair use is a "mixed question of fact and law" and requires "an open-ended and context-sensitive inquiry," courts generally wait until the summary judgment phase to address fair use. *Graham v. Prince*, 265 F. Supp. 3d 366, 376-77 (S.D.N.Y. 2017). Courts are especially loathe to determine fair use where, as here, there are questions of fact concerning the nature and purpose of the defendant's use of the original work and whether such use constitutes protected commentary or criticism. *See, e.g., Nicklen*, 2021 U.S. Dist. LEXIS 142768, at *23 (factual issues concerning transformative and news reporting nature of work). Moreover, any precedent that, in rare circumstances, discovery may not be needed to determine fair use would have no bearing on Plaintiff's anticipated discovery concerning Defendant's allegations of doxing (an issue not analyzed in Judge Román's opinion).

Plaintiff proposes a briefing schedule on the motion to quash the Google Subpoena, attached hereto as **Exhibit B**, that accounts for the existing vacation schedules of counsel and also provide contingencies for tolling of the briefing schedule during potential motion practice concerning expedited discovery on Defendant and the completion of any allowed discovery. Defendant primarily objects to the tolling provisions of this proposal, stating he wants the Court

---

[1] In order to maintain Defendant's anonymity pending the determination of the motion to quash, Plaintiff would propose that Defendant appear anonymously at any deposition and redact any identifying information in documents.

31653/003/4025530

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Cathy Seibel
March 18, 2022
Page 3

to determine the motion to quash before it entertains any motion for expedited discovery.[2]  Plaintiff believes that process would be inefficient as all of these issues are intertwined and should be dealt with up front in the context of the motion to quash.  Plaintiff submits that it would be more efficient for the Court to rule on motions for expedited discovery relevant to the issues raised on the motion to quash the Google Subpoena before it decides the motion to quash, not after.  This would avoid a situation where the parties devote significant resource and time to briefing the motion to quash, the Court states it cannot rule on the motion to quash, including fair use and collateral estoppel, because more factual development is needed, and then the parties need to start anew.

Plaintiff has previewed the issue of expedited discovery on Defendant in this letter solely for the purpose of context related to the briefing schedule on the motion to quash.  Any formal request by either party for expedited discovery at this juncture would be premature; such a request would need to be fully briefed before the Court on a proper motion.  In fact, neither party can even make a motion for expedited discovery until after they are aware of the other side's position and arguments regarding the motion to quash the Google Subpoena since such party would need to submit the specific proposed discovery as exhibits to its motion papers.  And neither party can prevent the other from seeking leave for expedited discovery during the motion to quash.

Thus, the sole issue before the Court today is whether the briefing schedule on the motion to quash the Google Subpoena should account for the probability that a party may seek leave for expedited discovery on the other party relevant to the motion to quash by building in tolling provisions and briefing schedules on any motion for further expedited discovery.

Based on the foregoing, Plaintiff respectfully requests that the Court adopt Plaintiff's proposed briefing schedule attached hereto as **Exhibit B**.  Plaintiff also respectfully requests that the Court allow, solely with respect to the motion to quash, 35 pages for the Defendant's moving brief and Plaintiff's responsive brief and 20 pages for the Defendant's reply brief.  Finally, given that this letter raises the issue of potential expedited discovery, and Defendant's response presumably will also address the issue, Plaintiff asks whether the Court would still require any party who seeks leave for expedited discovery of the other party to submit a pre-motion letter requesting a conference pursuant to Rule 2.A. of Your Honor's Individual Rules of Practice.[3]

Respectfully submitted,
s/ Eric J. Shimanoff

---

[2] In response to Plaintiff's proposal, Defendant initially stated he also may want to seek expedited discovery relevant to the motion to quash the Google Subpoena.  Plaintiff invited Defendant also to provide for any such motion practice and discovery into the briefing schedule, yet Defendant declined.

[3] Plaintiff recognizes that the issue of additional expedited discovery was not discussed at the Pre-Motion Conference.  Plaintiff's original pre-motion letter concerned only the summons and email service.  Expedited discovery was proposed by Defendant's counsel in their responsive letter and by the Court during the conference.  The undersigned noted at the conference that he had not yet conferred with Plaintiff on any issues concerning expedited discovery and understood today's letter would address Plaintiff's response.

31653/003/4025530