**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

———

(202) 588-1000

**BY ECF**

March 29, 2022

Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601-4150

        **Re:**    *Watch Tower Bible and Tract Society v. Doe*
                  No. 7:21-cv-04155

Dear Judge Seibel:

      The parties have discussed the Court's suggestion that the briefs for and against a motion to quash be served without filing, and only filed in a bundle once the briefing is complete. The parties are content to use that bundling approach to avoid the precipitous running of the clock under 28 U.S.C. § 476. The parties note that the unusually long timetable for briefing was proposed in light of the known commitments of lead counsel for both sides to be out of their offices.

      The only concern is whether the service of a motion to quash, without its having been filed, will meet the requirements that Google gives to its users when it notifies them that it has received a subpoena. Its standard notice of subpoena tells a user that it will comply unless it receives a file-stamped motion to quash by a date certain that is within a certain amount of time from the date of the notice. I have asked Google's legal staff whether the company will accept proof of service in light of Your Honor's Order at DN 27. But I have not yet received a complete response. It does appear that it could be helpful for the Court to order that Google's time to respond to the subpoena is tolled until after the Court rules on the anticipated motion to quash.

      When McFree was seeking to quash the DMCA subpoena to Google in Case No. 7:18-mc-00268 (NSR), Google was willing to accept his pre-motion letter as a sufficient filing to allow it to toll its time to comply with the subpoena that had been issued in this case, and so I am submitting this as a pre-motion letter seeking leave to serve a motion to quash the subpoena that Watch Tower has prepared for service on Google. Thereafter, with the Court's approval, the parties propose to use the bundling approach that the Court suggested in DN 27, and on the schedule previously discussed. The Court has already held a conference on this issue, but if the Court decides to hold a separate conference to confirm the schedule the parties are ready to participate.

                                                                         Respectfully yours,

                                                                     /s/ Paul Alan Levy
                                                                    Paul Alan Levy

cc: All counsel via ECF